## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BRIAN L. PATTERSON, and
PATRICIA A. PATTERSON,

       Plaintiffs,

v.                                         No. 1:19-cv-00351-RB-SCY

SANTA FE COUNTY SHERIFF'S DEPARTMENT,
EDGEWOOD POLICE DEPARTMENT,
NEW MEXICO STATE GOVERNOR'S OFFICE, and
NEW MEXICO STATE POLICE DEPARTMENT,

       Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiffs' Application to Proceed in District

Court Without Prepaying Fees or Costs, filed April 16, 2019. (Doc. 2.)

**Application to Proceed In Forma Pauperis**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court

may authorize the commencement of any suit without prepayment of fees by a person who submits

an affidavit that includes a statement of all assets the person possesses and that the person is unable

to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis,
> it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,
> if the court finds that the allegations of poverty are untrue or that the action is
> frivolous or malicious, it may dismiss the case . . . .

*Menefee v. Werholtz*, 368 F. App'x. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58,

60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light

of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x. 667, 669 (10th Cir.

2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiffs' Application to proceed *in forma pauperis* because Mr. Patterson signed an affidavit declaring that he is unable to pay the costs of these proceedings and stated: (i) he is not employed; (ii) he receives $194.00 per month from the New Mexico Human Services Department; and (iii) he lives with his mother who provides financial and residential support.

**Dismissal of the Case**

Mr. Patterson, who is proceeding *pro se*, filed the Complaint on behalf of himself and his elderly mother. Plaintiff alleges that unidentified persons have committed and continue to commit crimes against him and his mother using "conventional and unconventional concealed weapons." (Doc. 1 (Compl.) at 4.) Plaintiff alleges that those "crimes were intelligently and elaborately engineered to utilize weapons that are colorless and odorless, disguised to avoid detection" and include "subversive chemical, toxin and gas attacks and induce simultaneous abnormal temperature extremes." (*Id.* at 3–4.) Plaintiff states he notified Defendants "of the continual imminent threats, dangers and or crimes targeting, occurring and posed against the Plaintiff[']s lives, on and surrounding their private property . . . and sought emergency assistance pertinent to the crimes" and that Defendants failed to respond appropriately. (*Id.* at 4, 10–11.) Plaintiff states that several federal criminal statutes are at issue in this case. (*See id.* at 3, 8–9.) Plaintiff also alleges

that "it is impossible to acquire a Power of Attorney from" his mother and requests that the Court grant Plaintiff power of attorney for his mother. (*Id.* at 7.) Finally, Plaintiff seeks an "Emergency Injunction" to "stop the criminal violence immediately and ensure the safety of the Plaintiffs." (*Id.* at 6.)

The Court dismisses all claims asserted on behalf of Plaintiff's mother, Patricia A. Patterson, because she did not sign the Complaint as required by Rule 11, and because Plaintiff, who is proceeding *pro se* and is not an attorney licensed to practice in this Court, may not bring claims on behalf of his mother. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented"); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

The Court dismisses the claims against the Edgewood Police Department and the Santa Fe County Sheriff's Department because they are not separate suable entities. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 F. App'x. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity)).

To the extent that Plaintiff is asserting claims that Defendants violated the federal criminal statutes "that are at issue in this case," the Court dismisses those claims because private citizens cannot compel enforcement of criminal law. *See Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

The Court dismisses the civil rights claims pursuant to 42 U.S.C. § 1983 against the New Mexico State Governor's Office and the New Mexico State Police. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in his complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case. "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. N.M. Taxation & Revenue Dep't's Motor Vehicle Div.*, 179 F. App'x. 445, 446 (10th Cir. 2006). The Court concludes that it lacks subject matter jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims with respect to the State of New Mexico Defendants. The Court will also dismiss Plaintiff's claim for injunctive relief because Plaintiff is suing divisions of the State of New Mexico instead of state officials. *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012) (for the *Ex parte Young* exception to state sovereign immunity to apply, a plaintiff must show that he is: "(1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief").

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the

action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Because

Mr. Patterson failed to state a claim, the Court must dismiss this case.

**IT IS ORDERED** that:

(i)     Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or

        Costs, Doc. 2, filed April 16, 2019, is **GRANTED.**

(ii)    This case is **DISMISSED without prejudice.**


_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE